**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY CHARLES RENN,            No. C 11-3471 SI (PR)

    Petitioner,                     **ORDER OF DISMISSAL**

    v.

R. GROUNDS, Warden,

    Respondent.
                               /

**INTRODUCTION**

This is a federal habeas petition filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons discussed herein, respondent's motion to dismiss the petition as untimely (Docket No. 7) is GRANTED. The petition is DISMISSED.

**DISCUSSION**

**A.**     **Standard of Review**

Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state

action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1).

**B.     Timeliness of the Petition**

The following facts are undisputed. On or about July 19, 1996, petitioner pleaded guilty in the Marin County Superior Court to charges of automobile burglary and receiving stolen property, and admitted allegations that he had two prior strike convictions. Consequent to his plea, the trial court sentenced him to 127 years-to-life. In 1997, the state court dismissed all but one charge of receiving stolen property, and resentenced petitioner to 25 years-to-life. On October 29, 1998, the state appellate court affirmed his conviction, and also denied his contemporaneously-filed habeas petition. Petitioner did not seek review in the state supreme court. Therefore, his conviction became final on December 28, 1998, that is, 60 days after his sentence was affirmed. *See* Cal. Rule of Court 8.308(a). Petitioner, then, had until December 29, 1999 to file a timely federal habeas petition. The instant petition was filed on July 14, 2011, well after the December 1999 deadline. On this record, absent statutory or equitable tolling, or an equitable exception, the petition is barred by AEDPA's statute of limitations.

**1.     Statutory Tolling**

Petitioner contends that he is entitled to statutory tolling for the time he pursued state collateral relief. On October 2, 2008, petitioner filed his first post-appeal state habeas petition. On May 21, 2009, the state superior court denied the petition. The state appellate and supreme courts denied petitioner's subsequent petitions as untimely, on April 1, 2010 and February 2, 2011, respectively.

2

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* § 2244(d)(2).

Petitioner is not entitled to statutory tolling. A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Petitioner's first filing after his conviction became final was his October 2, 2008 state habeas petition, which was filed well after the December 28, 1999 federal habeas filing deadline. Because the limitations period expired prior to the filing of his state habeas petition, petitioner is not entitled to statutory tolling. Accordingly, absent equitable tolling or some other exception to the statute of limitations, the petition is untimely and must be dismissed.

Petitioner claims that the clock did not start running until December 2007, when he learned of the factual predicate of his claims. (Pet., Mem. of P. & A. at 10–11.) The facts on which petitioner bases his claim are as follows. In 1980, petitioner pleaded guilty to a charge of *second* degree burglary. (*Id.* at 5.) This conviction was used to increase his sentence for his 1996 conviction. (*Id.*, Ex. B at 1.) At the sentencing hearing for the 1996 conviction, the trial court asked petitioner, "is it true that you suffered a prior conviction for burglary of the *first* degree?" to which petitioner erroneously responded, "Yes, it is." (*Id.*) (emphasis added.) Petitioner contends that he did not discover this error — the factual predicate — until December 2007. Such assertion is not plausible. Petitioner was aware of the error at the time it occurred, as is clearly evidenced by the record. Petitioner need only have consulted his own memory to become aware of the factual predicate of his claim. Accordingly, petitioner is not entitled to statutory tolling.

3

### 2. Equitable Tolling

Petitioner claims that he is entitled to equitable tolling because he did not discover the factual predicate of his claims until December 2007. (Pet., Mem. of P. & A. at 10–11.)

AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). A petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.")

The record, as described, defeats any claim that some extraordinary circumstances stood in his way or that he pursued his claim diligently. Petitioner was aware, or should have been aware, of the error at the time it occurred, and therefore had both knowledge and time sufficient to pursue relief. Accordingly, petitioner has not shown that he is entitled to equitable tolling.

### 3. Actual Innocence Equitable Exception

Petitioner claims that he is entitled to an equitable exception[1] because he is actually innocent of the first degree burglary enhancement. It is true that "a credible showing of 'actual innocence' under *Schlup v. Delo*, 513 U.S. 298 (1995), excuses the statute of limitations period established by [AEDPA]." *Lee*, 653 F.3d at 931. However, this equitable exception is not applicable here. There is no first degree burglary conviction to be innocent of. The conviction was for second degree burglary. Such circumstances present a sentencing error, rather than that petitioner is innocent of a nonexistent conviction. Such a record presents no basis entitling petitioner to the actual innocence equitable exception.

---

[1] An equitable exception is distinct from the doctrine of equitable tolling: "the phrase 'equitable tolling' is used in describing the use of equitable power to allow the untimely filing of a habeas petition in an actual innocence case. The more accurate characterization is 'equitable exception,' because equitable tolling involves different theoretical underpinnings." *Lee v. Lampert*, 653 F.3d 929, 932 n.5 (9th Cir. 2011) (en banc).

4

**CONCLUSION**

Respondent's motion to dismiss the petition as untimely (Docket No. 7) is GRANTED and the petition is DISMISSED. Accordingly, petitioner's motion for an evidentiary hearing (Docket No. 10) is DENIED. Petitioner's motion for leave to proceed *in forma pauperis* (Docket No. 6) is DENIED as moot, petitioner having paid the filing fee.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent, terminate Docket Nos. 6, 7 & 10, and close the file.

**IT IS SO ORDERED**.

DATED: March 21, 2012

SUSAN ILLSTON
United States District Judge